UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

JOHN D. WARREN; CALVIN EDWARD KEE,

    Defendants.

No. 2:14-cv-01497-MCE-AC

**MEMORANDUM AND ORDER**

This lawsuit was brought by Plaintiff Scott Johnson ("Plaintiff") under the provisions of both the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), and California's Unruh Civil Rights and Disabled Persons Acts (Cal. Civ. Code § 51 et seq. and § 54 et seq.)[1] on grounds that Defendants John D. Warren and Calvin Edward Kee ("Defendants"), who own and/or operate a business establishment known as Ed's Rockery located in Manteca, California, failed to provide a compliant accessible parking space at their business. In addition, Plaintiff claims that there was no lowered transaction counter available for him to use once he was inside the store and attempted to pay for his purchases.

---

[1] Plaintiff also alleges a state common law claim for negligence in his Fourth Cause of Action.

1

Presently before the Court is Plaintiff's Motion for Partial Summary Judgment as to Plaintiff's claim under the Unruh Civil Rights Act, to the extent Plaintiff seeks entitlement to statutory damages under that Act in the amount of $8,000.00. As set forth below, Plaintiff's Motion is GRANTED.[2]

## BACKGROUND

The facts of this matter are essentially unopposed. Plaintiff is a quadriplegic who cannot walk, uses a wheelchair, and has significant manual dexterity impairments. Stmt. of Undisputed Facts, ECF No. 23-2, ¶¶ 1–2. He drives a specially equipped van with a lift that deploys from the passenger side of the van to accommodate his wheelchair. Id. at ¶ 2. On March 6, 2014, Plaintiff claims he visited Ed's Rockery ("the Store"), a business located at 6000 E. Lathrop Road, in Manteca California. Id. at ¶¶ 3, 5. According to Plaintiff, the Store is owned and/or operated by Defendants. Id. at ¶ 3.

Plaintiff alleges that, the Store failed to provide a single handicapped accessible parking spot for its patrons. Id. at ¶ 6. Although one parking space appeared to have a barely visible wheelchair log on its service, that space lacked a marked access aisle. Id. at ¶ 7. Given his impairments, Plaintiff needs accessible parking with an eight-foot access aisle and accompanying safety lettering in order to safely deploy his lift and exit the van. Id. at ¶ 9. In the absence of a space meeting these requirements, Plaintiff claimed he had to park in a non-accessible spot and leave the ramp to his vehicle deployed so that he would be able to get back into the vehicle upon his return. Id. at ¶ 12.

In addition to the lack of an accessible parking spot, Plaintiff claims that once inside the Store he had difficulty making a purchase because of the lack of a lowered transaction encounter that would accommodate his use of a wheelchair. Id. at ¶¶ 14-16.

---

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

According to Plaintiff, he returned to the Store on March 11, 2014 and again encountered the same barriers to access. Id. at ¶¶ 17-18. Finally, while Plaintiff states he wanted to visit the Store again on March 20, 2017, he asserts he was deterred from doing so given knowledge of its barriers. Id. at ¶¶ 19-21.

In now moving for partial summary judgment, Plaintiff submits evidence demonstrating just how the barriers he encountered were legally inadequate under the ADA and how he is consequently entitled to statutory damages under California's Unruh Civil Rights Act, which provides for a statutory penalty of $4,000.00 for each ADA violation under Cal. Civ. Code § 55.56(a). Although Plaintiff visited the Store twice, and claims he was deterred from visiting a third time, he seeks statutory damages for only two visits, or $8,000.00.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

**ANALYSIS**

To prevail on a claim under Title III of the ADA, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010). "The third element . . . is met if there was a violation of applicable accessibility standards." Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011); Donald v. Cafe Royale, 218 Cal. App. 3d 168, 183 (1990)).

Plaintiff moves for partial summary judgment as to his claim under the Unruh Civil Rights Act, which incorporates the provisions of the ADA by providing, in pertinent part, that: "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of [the Unruh Civil Rights Act]." Cal. Civ. Code § 51(f). California Civil Code § 52(a) sets a minimum of $4,000 in damages for a violation of the Unruh Civil Rights Act.

The ADA defines a person as disabled if, among other things, he has "a physical . . . impairment that substantially limits one or more major life activities."

42 U.S.C. § 12102(1)(A). The ADA lists "walking" as an example of a major life activity. Id. § 12102(2)(A). Thus, because Plaintiff is a quadriplegic, he is considered disabled within the meaning of the ADA. In addition, Defendants own/operate the Store in question, which as a retail establishment is deemed a place of public accommodation under the ADA. See id. § 12181(7)(F). Finally, to the extent it fails the requirements set forth in the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"), the Store contains barriers to access. See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) ("Any element in a facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access.").

Defendants essentially agree that barriers existed here, conceding that there is "little dispute" that their Store "was not fully ADA compliant" when Plaintiff first visited the Store. Defs.' Opp., 1:21-23. Accordingly, Plaintiff has shown he is entitled to judgment for his claims under the Unruh Civil Rights Act by way of the ADA. In opposing Plaintiff's Motion, Defendants primarily question the propriety of being assessed with $8,000 in statutory penalties for two separate violations. To the extent that Plaintiff claims he was deterred from visiting the property a third time, for example, Defendants argue that he cannot claim damages for "thinking about" going to the property again and deciding against doing so. Id. at 2:3-5. Defendants also claim that whether or not returning to the property was reasonable after encountering barriers on one occasion is a question of fact not amenable to disposition on summary judgment.

Defendants' contentions, to the extent they attempt to dissuade the Court from awarding $8,000 in statutory penalties, are not persuasive. To the extent Plaintiff personally encountered barriers to access, he is entitled to Unruh Act penalties under California Civil Code 55.56(b). Subdivision (b) of the statute contains no express reasonableness requirement, and although at some point repeated visits may become so high that equitable and constitutional constraints would bar the imposition of further penalties, visiting twice does not trigger such concerns. See Yates v. Bacco, 2014 WL 1089101 at * 15 (N.D. Cal. 2014).

It is only with regard to the deterrence portion of the statute at subdivision (d) that a reasonableness standard is implicated should multiple deterrence penalties be sought. See Cal. Civ. Code § 55.56(h). Therefore, as Plaintiff points out, a disabled patron cannot claim that he was dissuaded from returning to the property on numerous occasions without showing that those repeated contemplated visits were reasonable. In the present case, however, Plaintiff cannot claim that a single deterrence penalty was unreasonable, and to the extent that the $8,000 in statutory penalties sought by Plaintiffs are justified by the two times he actually encountered barriers at the Store in any event, under either scenario Plaintiff has demonstrated his entitlement to the penalties he requests.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment (ECF No. 23) is GRANTED. Plaintiff is entitled to statutory penalties in the sum of $8,000.00 for the access barriers he encountered at Defendants' business establishment.

IT IS SO ORDERED.

Dated: May 15, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE