UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

Plaintiff,

v.

JOHN D. WARREN; CALVIN EDWARD KEE; and Does 1-10;

Defendants.

No. 2:14-cv-1497-MCE-AC

**MEMORANDUM AND ORDER**

Through this suit, Plaintiff Scott Johnson sought damages and injunctive relief against Defendants John D. Warren and Calvin Edward Kee for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, as well as California's Unruh Civil Rights Act, Cal. Civ. Code § 51 ("Unruh Act"), and Disabled Persons Act, Cal. Civ. Code §§ 54 – 54.8. Finally, Plaintiff asserts a common law claim for negligence. All these claims stem from allegations that Plaintiff encountered various physical barriers when attempting to access Defendants' store in Manteca, California.

According to Plaintiff, the parties reached a consent decree as to injunctive relief on March 18, 2018. Thereafter, on May 16, 2018, the Court granted Plaintiff's motion for partial summary judgment, awarding $8,000 in statutory damages on Plaintiff's Unruh Act claim. ECF No. 29. Although Plaintiff's state law claims asserting violations of the Unruh Act and Disabled Persons Act remained pending, as did Plaintiff's negligence

1

cause of action, on March 14, 2019 Plaintiff indicated he had no objection to dismissing those additional claims.  ECF No. 37.

Plaintiff now moves for attorney's fees, ECF No. 31, and that motion is GRANTED in part.  Plaintiff is entitled to $10,232.50 in attorney's fees and $3,063.75 in litigation expenses.[1]

**STANDARD**

The Unruh Act permits the prevailing party in disability access litigation to recover reasonable attorney's fees and costs, stating that violations of its provisions entitle a plaintiff to "any attorney's fees that may be determined by the court."  Cal. Civ. Code § 52.

"A reasonable fee is that which is 'sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case.'"  K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 78 F. Supp. 3d 1289, 1297 (C.D. Cal. 2015) (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010)).  The court calculates the amount of attorney's fees by calculating a "lodestar" and "multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate."  McCown v. City of Fontana Fire Dep't, 565 F.3d 1097, 1102 (9th Cir. 2009).  The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter."  Hensley, 461 U.S. at 431.  However, in calculating the lodestar, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'"  McCown, 565 F.3d at 1102 (quoting Hensley, 461 U.S. at 434).  Although district judges "need not, and should not, become green-eyeshade accountants," Fox v. Vice, 563 U.S. 826, 838 (2011), the court should provide

---

[1] Because oral argument would not have been of material assistance, this matter has been submitted on the briefs.  E.D. Cal. L.R. 230(g).

2

some indication of how it arrived at its conclusions, see Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008) ("When the district court makes its award, it must explain how it came up with the amount.").

As a general rule, in determining the lodestar figure, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Moreno, 534 F.3d at 1112. However, the party seeking an award of attorney's fees bears the burden of producing documentary evidence demonstrating "the number of hours spent, and how it determined the hourly rate(s) requested." McCown, 565 F.3d at 1102. Then the burden shifts to the opposing party to submit evidence "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Ruff v. County of Kings, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

Because the lodestar figure is presumptively reasonable, "a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted).

## ANALYSIS

Plaintiff seeks $14,263.75 in attorney's fees and costs. Defendants challenge the amount sought on two grounds: (1) certain tasks should have been delegated to more junior attorneys and (2) the hourly rates requested by Plaintiff's attorneys is unreasonably high. As detailed below, the Court finds the first challenge unavailing, but agrees that the hourly rate sought by some of Plaintiff's attorneys is excessive.

////
///

**A.     Reasonable Hours**

Defendants contend that tasks handled by Mark Potter and Russell Handy were excessive inasmuch as the work they did "could have easily been handled by less senior attorneys in their office." Defs.' Opp., 2:3-4. Defendants accordingly argue that the fees claimed by Potter and Handy, which they indicate account for nearly half of the total time expended on this matter, should be disregarded and the fees of the five other lawyers who worked on the case should "be looked at with suspicion." Id. at 2:5-7.

Defendants' argument is unpersuasive. "A district court may not set the fee based on speculation as to how other firms would have staffed the case." Moreno, 534 F.3d at 1114. Since this is the only argument advanced as to the reasonableness of the time spent in litigating this matter, Defendants' challenge on that basis is rejected.

**B.     Reasonable rates**

The Court, though, agrees with Defendants that the hourly rate sought by Potter and Handy—$350—is excessive. In a similar case in March 2016, involving the same plaintiff and law firm, for example, this Court found Potter's $350 hourly rate unreasonable. Johnson v. Kamboj LLC, No. 2:14-cv-00561-MCE-AC, 2016 WL 1043719, at *3 (E.D. Cal. Mar. 16, 2016). Instead, the Court found $300 per hour to be reasonable and granted attorney's fees on that basis. Id. The Court here finds that a reasonable rate for Potter and Handy is $325 per hour as the prior award of $300 was determined over three years ago and was based on a survey of cases collected even before that. See id. (citing Johnson v. San, No. 2:15-cv-162-JAM-EFB, 2015 WL 7188245, at *5 (E.D. Cal. Nov. 16, 2015)).

Given the fact that time billed by Phyl Grace, a lawyer who has practiced for some 23 years with the last decade exclusively focused on disability access litigation, was calculated at a $300 hourly rate, the Court finds that rate to be reasonable.

Rates charged by less experienced associates, however, are also excessive. Plaintiff seeks $250 per hour for three associates with between about four and eight years of experience: Isabel Masanque, Dennis Price, and Amanda Lockhart. Plaintiff

further seeks $200 per hour for Sarah Gunderson, who graduated from law school in 2013. See Decl. of Mark Potter, ECF No. 31-4, ¶¶ 11–14; Mot. for Attorney Fees, Ex. 2. In Kamboj, this Court found rates of $150 for these attorneys reasonable, since "[c]ourts in the Eastern District of California have regularly approved hourly rates of . . . $150–175 for associates" and their experience made rates "at the lower end for associates" appropriate. 2016 WL 1043719, at *3 (alterations in original) (first quoting Estrada v. iYogi, Inc., No. 2:13-cv-01989-WBS-CKD, 2016 WL 310279, at *6 (E.D. Cal. Jan. 26, 2016); then quoting Johnson v. Wayside Prop. Inc., No. 2:13-cv-01610 WBS AC, 2014 WK 6634324, at *8 (E.D. Cal. Nov. 21, 2014)). For similar reasons, the Court finds hourly rates of $175 reasonable for these attorneys in this case.

Pursuant to the Court's above modifications, the appropriate lodestar award in this case is $10,232.50:

Potter: 19.7 x $325 = $6,402.50

Handy: .2 x $325 = $65.00

Grace: 3.8 x $300 = $1,140.00

Masanque: 11.5 x $175 = $2,012.50

Price: 1.4 x $175 = $245.00

Lockhart: .5 x $175 = $87.50

Gunderson 1.6 x $175 = $280.00

Given the "strong presumption . . . that the lodestar figure represents a reasonable fee," Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (citation omitted), and since neither Plaintiff nor Defendants seek a multiplier or reduction to the lodestar, no further adjustment to the lodestar is warranted.

**C.     Litigation expenses**

Plaintiff also seeks $3,063.75 in litigation expenses. Defendants have offered no opposition to the recoupment of those expenses. Plaintiff's requested litigation expenses are reasonable and awarded in full.

///

**CONCLUSION**

For the reasons provided above, Plaintiff's Motion for Attorney's Fees, ECF No. 31, is GRANTED in part. Defendants shall pay Plaintiff $10,232.50 in attorney's fees and $3,063.75 in litigation expenses for a total of $13,296.25. The Clerk of Court is directed to enter judgment for both the previously awarded $8,000 in statutory damages (as previously adjudged on May 16, 2018 as to Plaintiff's Unruh Act claim) as well as the aforementioned fees and expenses of $13,296.25, for a total judgment of $21.296.25. Plaintiff's remaining causes of action, for violations of the ADA and the California Disabled Persons and for negligence, are DISMISSED. Inasmuch as this now concludes the handling of this matter, the Clerk of Court is directed to close the file.

IT IS SO ORDERED.

Dated: April 22, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE